### In re STINEMAN.

#### No. 12786.

District Court, W. D. Pennsylvania.
June 20, 1945.

C. Randolph Myers, of Ebensburg, Pa., referee.

Milbank, Tweed & Hope and Thomas P. Farley, all of New York City, for Chase Nat. Bank of City of New York, N. Y.

Harry Doerr and Roman C. Widmann, both of Johnstown, Pa., for United States Nat. Bank.

Ray Patton Smith, of Washington, D. C., for First Nat. Bank of South Fork, respondent.

GIBSON, District Judge.

On August 3, 1944, this court sustained exceptions of the Chase National Bank of the City of New York to orders of the referee in above entitled cause. 56 F.Supp. 190. By those orders the referee had held that the United States National Bank of Johnstown and the First National Bank of South Fork were entitled to maintain their positions as lien creditors of the bankrupt and at the same time participate in the distribution of the general fund. The orders had been made pursuant to the prior consent of all general creditors, it was claimed. In fact it was asserted that the arrangement had been instituted at the suggestion of counsel for the Chase National Bank on behalf of all general creditors. The court, feeling that participation in the two funds was contrary to all accepted bankruptcy practice, and that the record then before it did not establish the active consent of counsel for the Chase National Bank to such participation, vacated the referee's orders.

In its memorandum explaining its action, however, the court said: "If it were definitely established that the Chase National Bank had full knowledge of the agreement claimed and had benefited as a result of it, and had induced it in fact, this court, despite some qualms induced by the Bankruptcy Act, might well hold that it could not in good faith now attack it. The record, however, is largely in the Referee's Office, but such of it as is before the court does not make it plain that the Chase National Bank or its counsel had the definite understanding claimed."

After the order sustaining exceptions to the referee's orders was made, counsel for the United States National Bank of Johnstown and the First National Bank of South Fork sought a rehearing upon the matter which was granted, and the entire record was produced. From it the court is definitely satisfied that counsel for the Chase National Bank had recommended and had full knowledge of the agreement of the general creditors that the lien holders, in return for their ceasing to attempt to realize upon their liens, should participate in both the judgment creditor and general funds. This agreement was of great benefit to the general creditors. Had the secured creditors realized upon their liens, a sufficient amount would have been obtained to satisfy them, but the effect of it would have been almost the total wreck of the general claims. When this fact is joined to the influence of counsel for the Chase National Bank in promoting the participation agreement, and the further fact that that Bank, without any demur whatsoever, had knowledge of some seven distributions, prior to its exceptions to the referee's orders, wherein the lien holders had received all the amounts distributed from the realty fund and had participated in the general fund, it would seem plain that the Chase National Bank is equitably estopped from relying upon a contention which has become entirely technical, strong as its position might have been under other circumstances.

The orders of this court of August 3, 1944, by which the exceptions of the Chase National Bank were sustained and the referee's order of June 7, 1943, was vacated and set aside, will be vacated and the referee's order re-established.